**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **W.G.**, <br><br> Plaintiff, <br><br> v. <br><br> **Commissioner of Social Security**, <br><br> Defendant. | Civil Action No. 24-9390 (ZNQ) <br><br> **OPINION** |

**QURAISHI, District Judge**

      **THIS MATTER** comes before the Court upon W.G.'s ("Plaintiff") appeal of the Social Security Administration's ("Defendant") August 14, 2024 denial of Plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* ("Compl.," ECF No. 1.)  The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c) and reaches its decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

      After reviewing the parties' submissions and the Administrative Record ("AR," ECF No. 8), the Court finds that the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and properly within the ALJ's decision-making authority.  Accordingly, the decision to deny Plaintiff DIB will be **AFFIRMED**.

I.      <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

    A.      **Procedural History**

On March 8, 2022, Plaintiff filed her initial claim for DIB beginning April 7, 2021, citing degenerative disc disease, herniated disk in the neck and back, nerve impingement in the neck and back, chronic pain, limited range of motion, and numbness and tingling down both arms and left leg. (AR at 53.) The application was denied initially (*id.* at 72) and thereafter on reconsideration (*id.* at 77).

Plaintiff then requested a hearing before an ALJ to review the application de novo. (*Id.* at 80.) On October 31, 2023, the ALJ held a hearing at which Plaintiff and Ms. Esperanza Distefano, an impartial vocational expert, testified. (*Id.* at 28–52.) After the hearing, the ALJ denied Plaintiff's DIB, concluding that she was "not disabled under sections 216(i) and 223(d) of the Social Security Act." (*Id.* at 23.)

On September 24, 2024, Plaintiff filed the instant action, alleging in the Complaint that she is disabled and that the ALJ's findings and conclusions "are not supported by substantial evidence and are contrary to law and regulation." (Compl. ¶ 8.) In support of her complaint, Plaintiff filed an Appeal Brief. ("Appeal Br.," ECF No. 11.)

    B.      **Background: ALJ Decision**

In denying Plaintiff's DIB application, the ALJ followed the well-known five-step sequential evaluation process for determining whether an individual is disabled under the Social Security Act. (AR at 15–23.) At step one, the ALJ found that Plaintiff had "not engaged in substantial gainful activity since April 7, 2021." (*Id.* at 15.) At step two, the ALJ found that Plaintiff had several impairments, including "degenerative disc disease of the cervical, thoracic and lumbar spine, foot arthritis." (*Id.*)

At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*)  In reaching that conclusion, the ALJ stated that "[t]he record does not show deficits in ambulation or gross and fine manipulation (Listings 1.15, 1.16, 1.1.8)." (*Id.* at 16.)

At step four, the ALJ reviewed Plaintiff's medical history and other evidence in the record, ultimately finding that Plaintiff "has the residual functional capacity to perform sedentary work" with certain limitations. (*Id.*)  Specifically, the ALJ found that Plaintiff could "lift and carry 5lbs frequently and 10lbs occasionally; can stand and walk for a combined total of 2 hours in an 8-hour workday; can sit for a total of 6 hours in an 8-hour workday; can perform pushing and pulling motions with the upper and lower extremities within the aforementioned weight restrictions; and can occasionally climb ramps/stairs, stoop, kneel, crouch and crawl." (*Id.*)  At step five, the ALJ discussed Plaintiff's past relevant work as an occupational therapist and determined that "[t]he demands of these occupations exceed the above residual functional capacity." (*Id.* at 22.) Nonetheless, the ALJ evaluated Plaintiff's age, education, work experience, and residual functional capacity and determined that Plaintiff "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." (*Id.*)  Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (*Id.* at 23.)

## II.  SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g), which authorizes judicial review of final decisions of the Commissioner of Social Security.

### III.  LEGAL STANDARD

#### A.  Standard of Review

On appeal, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). In reviewing applications for social security disability benefits, the district court has the authority to conduct a plenary review of legal issues decided by the ALJ. *See Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 401 (citing *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). In other words, substantial evidence "may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its] own conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotations omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence in the record. *See Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)). And "[s]ince it is apparent that the ALJ cannot reject evidence for no reason or for

the wrong reason," courts require "an explanation from the ALJ of the reason why probative evidence has been rejected" to determine whether the reasons for rejection were improper. *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (citation modified).

    **B.**    **Applicable Law**

The Social Security Act defines "disability" as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)). The analysis proceeds as follows:

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1520(b). If so, the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's RFC and analyze whether the plaintiff can perform past relevant work. *See* 20 C.F.R. § 404.1520(e). Under C.F.R. § 404.1545, a claimant's RFC is "the most [he or she] can do" despite limitations "that affect what [he or she] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. *See* 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the final step.

At step five—the final step—the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## IV.   DISCUSSION

On appeal, Plaintiff argues that: (1) the ALJ failed to properly evaluate opinion evidence when making its RFC determination; and (2) the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain.  Each argument will be discussed below.

### A.   Opinion Evidence

In March 2017, the regulations governing medical opinions changed the way in which ALJs were to consider them.  Under these new regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. § 404.1520c(a).  Rather, an ALJ, when evaluating the persuasiveness of medical opinions, must consider the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors."  *See Mercado v. Kijakazi*, 629 F. Supp. 3d 260, 280 (M.D. Pa. 2022).  The most important factors are supportability and consistency, and an ALJ must "explain how [he or she] considered the supportability and consistency factors" for a medical opinion.  *Id.* (quoting 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)).  An ALJ may, but is not required to, explain how he or she considered the remaining three factors.  *See* 20 C.F.R. § 404.1520c(b)(2).

With respect to supportability, the new regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § (c)(1).  As for consistency, the new regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and

7

nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § (c)(2).

An ALJ's evaluation of the medical opinions must be supported by "a clear and satisfactory" explanation and "contain enough detail to permit meaningful judicial review." *Michelle R. Q. v. Bisignano*, Civ. No. 22-4770, 2025 WL 2983156, at *5 (E.D. Pa. Oct. 22, 2025). "[W]hen evaluating medical opinions the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." *Mercado*, 629 F. Supp. 3d at 281 (citation modified). To that end, the ALJ may choose which medical opinions and evidence deserve greater weight so long as the decision is accompanied by an adequate, articulated, rationale. *See id.*

Here, Plaintiff argues that the ALJ failed to conduct a proper supportability or consistency analysis with respect to Dr. Glasman's opinion. (Appeal Br. at 17.) Specifically, Plaintiff challenges the ALJ's finding that Dr. Glasman's December 20, 2021 opinion—stating that Plaintiff could not sit, stand, or walk for a long period of time and was unable to bend knees or squat—was unpersuasive. (*Id.*) According to the ALJ:

> While supported by a lengthy treating relationship related directly to the severe impairments, it is not consistent with the record that showed no deficits in knee range of motion or squatting and consistently normal or independent ambulation without mention of the appearance of discomfort or distress while seated or standing/walking, and again that same rather consistent conservative treatment regimen.

(AR at 21.) Plaintiff argues that this explanation was inadequate because "the ALJ failed to point to any specific evidence that would allow the Court to meaningfully review why Dr. Glasman's opinion was not supported by his own treatment notes or why other evidence in the record was not consistent with the opinion." (Appeal Br. at 18.)

8

The ALJ, however, fully explained Dr. Glasman's treatment of Plaintiff between 2021 to 2023 and ultimately concluded that Dr. Glasman's opinion was inconsistent with the physical examinations that showed normal ambulation, no distress while sitting, standing, or walking, no deficits in knee range of motion or squatting, and a consistent conservative treatment regimen. (AR at 17–20.)  This conclusion is undoubtedly supported by substantial evidence in the record, which only requires "more than a mere scintilla" of proof.  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (holding that substantial evidence standard "is not high" in the context of administrative law, regardless of meaning in other contexts).  For example, as noted by the ALJ, on December 20, 2021, Dr. Glasman reported that Plaintiff "was able to move all extremities against gravity and resistance" and could ambulate independently.  (*Id.* at 18.)  And on many of Dr. Glasman's subsequent evaluations, Plaintiff was able to ambulate independently and could move all her extremities against gravity and resistance.  (*Id.* at 18–20.)  While it may be true, as Plaintiff argues, that other evidence in the record supported Dr. Glasman's opinion (Moving Br. at 22), the Court may not substitute its independent assessment of the record for the conclusions reached by the ALJ.  *See Pizarro v. Colvin*, 208 F. Supp. 3d 669, 671 (E.D. Pa. 2016).  Given the above cited medical record, the ALJ's supportability and consistency analysis with respect to Dr. Glasman's December 20, 2021 opinion is supported by substantial evidence.

Plaintiff also argues that the ALJ mischaracterized and downplayed her MRI results by omitting a portion of the MRI results which found evidence of severe bilateral foraminal stenosis and impingement of the nerve root at C4-5 and C5-6.  (Appeal Br. at 18.)  However, an ALJ does not need to discuss every piece of evidence, but rather must only "articulate[] at some minimum level his analysis of a particular line of evidence."  *Cecil Z. v. Comm'r of Soc. Sec.*, Civ. No. 24-10936, 2025 WL 2910185, at *7 (D.N.J. Oct. 14, 2025).  And here, the ALJ specifically noted that

9

there had not been any "new imaging since the early period at issue MRI studies," and that based on the other medical evidence showing improvements in her condition, the medical record supported a finding that Plaintiff could sustain sedentary work. (AR at 21.) Similarly, Plaintiff takes issue with the ALJ's conclusion that Plaintiff's treatment was "conservative." (Appeal Br. at 24.) But the ALJ reached that conclusion after finding that Plaintiff consistently reported improvements over a 12-month span, never significantly changed her treatment plan (other than adjustments in doses of gabapentin), and was never referred to any pain management or surgical consultations. (AR at 21.) In short, Plaintiff is asking to have the evidence re-weighed in her favor, something the Court may not do. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations.") Because there is substantial evidence in the record to support ALJ's conclusion that Dr. Glasman's December 20, 2021 opinion was partially inconsistent with the overall medical record, Plaintiff's arguments fail.

Plaintiff also argues that the ALJ failed to "create a logical bridge that would allow the Court to establish a meaningful substantial evidence review." (Appeal Br. at 20.) According to Plaintiff, the ALJ pointed to lack of deficits in knee range of motion or squatting to conclude, contrary to Dr. Glasman's opinion, that Plaintiff could perform sedentary work. (*Id.*) However, Plaintiff argues that Plaintiff's knees were not at issue and that Dr. Glasman's opinion was based on Plaintiff's cervical and lumbar issues. (*Id.*) In making this argument, however, Plaintiff overlooks that Dr. Glasman opined that the effects of those cervical and lumbar impairments was that Plaintiff was unable to sit, stand, or walk for a long period of time and was unable to bend knees or squat. (*Id.* at 1071.) It was these asserted limitations that the ALJ found to be inconsistent with the medical record, which consistently documented no deficits in knee range of motion or

squatting and showed that Plaintiff could ambulate independently without distress or discomfort. *See Tedesco v. Comm'r of Soc. Sec.*, 833 F. App'x 957, 961 (3d Cir. 2020) (affirming denial of DIB where the ALJ afforded partial weight to a medical opinion that conflicted with his own treatment notes). Accordingly, the ALJ's decision to accord only partial weight to Dr. Glasman's opinion was supported by substantial evidence in the record.

Plaintiff makes similar arguments with respect to the ALJ's treatment of Dr. Mintz's opinion. (Appeal Br. at 26–27.) As to Dr. Mintz, the ALJ concluded that his opinion—that Plaintiff was unable to perform any postural or gross and fine manipulation—was not persuasive. (AR at 21.) Specifically, the ALJ found both: (1) that these limitations were not supported by reference to any available treating records; and (2) that they were inconsistent with the medical record. (*Id.*) Regarding supportability, Plaintiff argues that Dr. Mintz incorporated explanations within the record to support those limitations, including his finding that Plaintiff's degenerative disc disease "causes her to have severe neck, back pain, numbness, tinging on both arms." (*Id.* at 21, 1430.) But this statement was not included in any medical record and, as the ALJ correctly noted, there are not citations to the medical record to support it.

As to consistency, Plaintiff argues that the ALJ failed to point to any evidence. (Appeal Br. at 27.) However, the ALJ specifically noted that Dr. Mintz's opinion was "not consistent with the treating record that showed no deficits in range of motion of weight-bearing joints, no deficits in grip strength or dexterity, and again a stable conservative treatment program." (AR at 21.) Like with Dr. Glasman's opinion, the specific evidence supporting this finding is contained within the ALJ's earlier recitation of the medical evidence. (*Id.* at 15–16.) And Plaintiff's citation to evidence she contends warrants a different conclusion is essentially asking the Court to re-weigh the evidence in her favor. Thus, when reading the ALJ's opinion as a whole, it is clear that its

11

conclusion to afford Dr. Mintz's opinion partial weight was sufficiently explained and supported by substantial evidence.[1]

### B. Plaintiff's Subjective Complaints of Pain

Plaintiff asserts that the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain. (Appeal Br. at 28.) "Subjective allegations of pain or other symptoms cannot alone establish a disability." *Miller v. Comm'r of Soc. Sec.*, 719 F. App'x 130, 134 (3d Cir. 2017) (citing 20 C.F.R. § 416.929(a)). In evaluating a plaintiff's subjective complaints, an ALJ must follow a two-step process. *See* SSR 16-3p, 2017 WL 5180304, at *2–3 (Oct. 25, 2017). First, the ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." *Id.* "Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, [the ALJ] evaluate[s] the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities[.]" *Id.* In conducting this evaluation, an ALJ must consider the objective medical evidence as well as other evidence relevant to a claimant's subjective symptoms. *See* 20 C.F.R. § 416.929(c)(3) (listing the following factors to consider: daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate pain or other symptoms; treatment, other than medication, currently received or have received for relief of pain or other symptoms; any measures

---

[1] Plaintiff also argues that the ALJ's conclusion to assign the state agency consultations partial weight was legally deficient. (Appeal Br. at 27.) Even assuming that was the case, that conclusion was in Plaintiff's favor, as the state agency physicians found that Plaintiff was capable of light work, a greater exertional level than the ALJ ultimately assessed. *See Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003) (finding harmless error where the ALJ's mistake "would have had no effect on the ALJ's decision").

currently used or have used to relieve pain or other symptoms; and other factors concerning your functional limitations and restrictions due to pain or other symptoms). An ALJ "has wide discretion to weigh the claimant's subjective complaints, *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983), and may discount them where they are unsupported by other relevant objective evidence." *Miller*, 719 F. App'x at 134 (citing 20 C.F.R. § 416.929(c)).

Here, the ALJ considered Plaintiff's subjective complaints, and ultimately found they were unsupported by relevant objective evidence. (AR at 22.) As explained by the ALJ, Plaintiff's statements were inconsistent with the side effects of the medication she was taking, refusal to seek additional pain management or surgical consultations, and absence of distress in her treatment records. (*Id.*) Nor is it true, as Plaintiff asserts, that the ALJ failed to discuss her daily activities and reports of pain. (Appeal Br. at 30.) Rather, the ALJ explicitly discussed this evidence earlier in its opinion. (AR at 16–17.) Accordingly, the ALJ properly considered Plaintiff's subjective complaints in its opinion.

## V. CONCLUSION

For the reasons stated above, the Court will **AFFIRM** the ALJ's decision to deny Plaintiff DIB. An appropriate Order will follow.

Date: December 29, 2025

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
